UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IRA DUNN, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-02676 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| SWISSPORT USA, INC., a foreign profit corporation; SWISSPORT FUELING, INC., a foreign profit corporation; SWISSPORT CARGO SERVICES, L.P., a foreign limited partnership; and DOES 1-20, as yet unknown Washington entities, | *[King County Superior Court Case No. 25-2-35843-7 KNT]* |
| Defendants. | |

**TO:    THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Defendants SWISSPORT USA, INC., SWISSPORT FUELING, INC., and SWISSPORT CARGO SERVICES, L.P. ("Defendants"), by and through their attorneys, hereby remove the above-captioned action, currently pending in the Superior Court of King County, Washington, to the United States District Court for the Western District of Washington, Seattle Division.  Removal is based on 28 U.S.C. §§ 1332, 1441, 1446 and 1453.  As grounds for removal, Defendants state as follows:

**BACKGROUND**

1.    Plaintiff Ira Dunn ("Plaintiff") commenced this action on or about December 2, 2025, by filing a Class Action Complaint with the Clerk of the Superior Court of King County,

NOTICE OF REMOVAL - 1
CASE NO. 2:25-cv-02676

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Washington (the "State Court Action"). The State Court Action has been assigned Case No. 25-2-35843-7 KNT.  A true and correct copy of Plaintiff's Complaint is attached hereto.

### STATUTORY REQUIREMENTS

2.    Plaintiff purports to bring this action as a putative class action. *See generally* Compl.  Plaintiff seeks to represent the following putative class:

> All current and former Washington employees of Swissport who earned less than twice the applicable state minimum hourly wage from December 2, 2022, through the date of certification of the Class.

*Id.* at ¶ 36.

3.    Plaintiff asserts one claim against all Defendants for purported violations of RCW 49.62.070. *Id.* at ¶¶ 45-52. Specifically, Plaintiff alleges that Plaintiff and "potentially dozens of Washington employees … earned less than twice the applicable state minimum hourly wage[] and were restricted, restrained, or prohibited from having an additional job."  *Id.* at ¶ 38.

4.    <u>Amount in Controversy</u>.  Plaintiff seeks $5,000 in statutory damages for each putative class member. *Id.* at ¶ 52. Plaintiff also seeks reasonable attorneys' fees and costs. *Id.*

### GROUNDS FOR REMOVAL

5.    Defendants remove this matter based on 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, and specifically the Class Action Fairness Act of 2005 ("CAFA").

**A. CAFA Jurisdiction**

6.    Under CAFA, a defendant may remove a putative class action if: (1) there are at least 100 putative class members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) there is minimal diversity of citizenship. *See* 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B).

7.    Defendants deny Plaintiff's factual allegations and further deny that Plaintiff, or the class Plaintiff purports to represent, are entitled to the requested damages. Defendants oppose class certification and the merits of Plaintiff's claim. However, solely for removal purposes, Plaintiff's allegations establish CAFA jurisdiction.

NOTICE OF REMOVAL - 2
CASE NO. 2:25-cv-02676

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

### i.   The Proposed Class Contains at Least 100 Members.

8.      Plaintiff seeks to represent a class of current and former employees of Defendants who earned less than twice the applicable state minimum hourly wage "at any time" from December 2, 2022, to the date notice is provided to the proposed class.  Compl., at ¶ 36.

9.      At least 1,001 current and former employees of Defendants worked in Washington and were paid less than twice the applicable state minimum hourly wage "at any time" from December 2, 2022, to the time of removal. *See* Declaration of Katie Taylor in Support of Defendants' Notice of Removal ("Taylor Decl.") at ¶ 5. CAFA's requirement to establish more than 100 putative class members is therefore satisfied.

### ii.   The Aggregate Amount in Controversy Exceeds $5 Million.

10.      To remove under CAFA, a removing party may aggregate the claims of the putative class to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The removing party bears the burden to establish the amount in controversy; there is no presumption against removal for cases removed under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[T]he defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.").

11.      To establish the damages threshold, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. "[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1197). Furthermore, "the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Id.*

12.      Here, Plaintiff's sole cause of action alleges that Defendants purportedly paid Plaintiff and the Class members "less than twice the applicable state minimum hourly wage" and

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

that "Swissport violated Plaintiff and Class members' statutory rights under chapter 49.62." Compl., at ¶ 33. "Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs." *Id*. at ¶ 35.

13. From December 2, 2022, to December 2, 2025, at least 1,001 current and former employees of Defendants that worked in Washington State were paid less than twice the applicable state minimum hourly wage for at least one pay period during their employment. *See* Taylor Decl., at ¶ 5. Accordingly, Plaintiff puts at least $5,005,000 in controversy (1,001 x $5,000 = $5,005,000).

14. Plaintiff brought this action under "chapter 49.62 RCW generally, and RCW 49.62.070 specifically," (Compl., at ¶ 15) which provides for the recovery of "reasonable attorneys' fees" under RCW 49.62.080. "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922. The Ninth Circuit held that a 25 percent recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784 (9th Cir. 2022); *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 457 (9th Cir. 2009); *Morden v. T-Mobile USA, Inc.*, No. C05-2112RAJ, 2008 WL 11506696, at *1 (W.D. Wash. Apr. 16, 2008) ("The Ninth Circuit has established 25 percent of the fund as a benchmark for a reasonable attorney fee award."). While this 25% benchmark is not a *per se* rule, "many courts in the Circuit have accepted 25 percent estimates as reasonable" for purposes of removal. *Leander v. Accent Controls, Inc.*, No. 24-CV-01821-GPC-SBC, 2025 WL 301294, at *8 (S.D. Cal. Jan. 27, 2025) (collecting cases); *see also Aaland v. Albertsons Companies Inc., et al.*, No. 2:25-CV-00637-MLP, Dkt. No. 25 at *8 (W.D. Wash. June 20, 2025) ("Accordingly, the Court accepts this [25] percentage as a reasonable estimate for calculating the amount in controversy.").

15. Plaintiff's request for attorneys' fees, therefore, places an additional $1,251,250 in controversy (25% of $5,005,000 = $1,251,250). *See* Compl., at ¶ 52.

NOTICE OF REMOVAL - 4
CASE NO. 2:25-cv-02676

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

16.    Overall, Plaintiff places at least $6,256,250 in controversy, and Defendants satisfy CAFA's amount-in-controversy requirement.

### iii.  Minimal Diversity Exists.

17.    CAFA requires the removing party to show that one putative class member is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *see also United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that CAFA broadens diversity jurisdiction for class actions by requiring only minimal diversity).

18.    Defendants' CAFA Citizenship. Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).  Likewise, a corporation is a citizen in the states of its incorporation and principal place of business.  28 U.S.C. § 1332(c)(1). An entity's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

19.    Defendant Swissport USA, Inc. is a Delaware corporation, with its principal place of business in North Carolina.  *See* Defendants' Corporate Disclosure and Diversity Statement, at ¶ 1. Swissport USA, Inc.'s headquarters is in Raleigh, North Carolina, where the majority of its executive, administrative, financial, and management functions are conducted. *Id.* Therefore, Swissport USA, Inc. is a citizen of Delaware and North Carolina. *Id.*

20.    Defendant Swissport Fueling, Inc. is a Delaware corporation with its principal place of business in North Carolina. *See id.* at ¶ 2. Swissport Fueling, Inc.'s headquarters is in Raleigh, North Carolina, where the majority of its executive, administrative, financial, and management functions are conducted.  *Id.* Therefore, Swissport Fueling, Inc. is a citizen of Delaware and North Carolina. *Id.*

21.    Swissport Cargo Services, L.P. is a California limited partnership with its principal place of business in North Carolina. *See id.* at ¶ 3. Swissport Cargo Services, L.P.'s headquarters is in Raleigh, North Carolina, where the majority of its executive, administrative, financial, and

NOTICE OF REMOVAL - 5
CASE NO. 2:25-cv-02676

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

management functions are conducted. *Id.* Therefore, Swissport Cargo Services, L.P. is a citizen of California and North Carolina. *See* 28 U.S.C. § 1332(d)(10); *see also Jing Gao v. Blue Ridge Landfill TX, L.P.*, 783 F. App'x 409, 410 (5th Cir. 2019) ("Blue Ridge is a limited partnership, which means that it is 'a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'" (quoting 28 U.S.C. § 1332(d)(10))).

22.    Diverse Citizenship of a Putative Class Member. A person's citizenship is determined by their domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *See id.* "The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have been changed." *Anderson v. Watts*, 138 U.S. 694, 706 (1891).

23.    Plaintiff alleges he is a resident of Washington State. *See* Compl., at ¶ 19 ("Plaintiff Ira Dunn resides in King County, Washington[.]"). Throughout his employment with Swissport USA, Inc., Plaintiff maintained a residential address in King County, Washington and worked in Washington. *See* Taylor Decl., at ¶ 3.

24.    Defendants are informed and believe Plaintiff is a resident and citizen of Washington State within the meaning of 28 U.S.C. § 1332(a). *See id.*; *see also, e.g., Banga v. Equifax Info. Servs. LLC*, No. 14-cv-03038-WHO, 2014 WL 4954677, at *2 (N.D. Cal. Oct. 2, 2014) ("The notice of removal's allegation that [plaintiff] resides in California, combined with [plaintiff's] own assertions that she is a California resident and that diversity of citizenship exists between the parties, is sufficient to show that [plaintiff] is domiciled in California."); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) (explaining that residential address provided by employee to employer is prima facie evidence of citizenship).

25.    Therefore, at least one member of the putative class—the named Plaintiff—is a citizen of a different state from one of the named Defendants. As a result, minimal diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

26.    The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1).

### PROCEDURAL REQUIREMENTS

27.    Removal to this Court is Proper.  Pursuant to 28 U.S.C. §§ 1441(a)–(b) and 1446(a) and 1453, Defendants file this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court where Plaintiff brought the State Court Action — King County, Washington.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 128(b), and LCR 3(e)(1). Plaintiff's claim is governed by an arbitration agreement, which will be addressed with the Court in another motion. Defendants do not waive, and expressly reserve, their right to move to compel arbitration.

28.    Removal is Timely.  Defendants accepted service of the Complaint on December 4, 2025. *See* Taylor Decl., at ¶ 6. Receipt of the Complaint on this date constitutes the first notice of the State Court Action or of federal jurisdiction over the State Court Action for Defendants. *Id.* Defendants filed this Notice within 30 days after receipt of the Complaint in the State Court Action, and as such, removal is timely. *See* 28 U.S.C. § 1446(b)(1). Excluding the fictitious "Doe" defendants, all Defendants consent to removal.

29.    Signature.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

30.    Pleadings and Process.  True and correct copies of the pleadings on file in the State Court Action, including a current docket sheet, are attached as Exhibit A to the Declaration of Erin M. Wilson.  *See* 28 U.S.C. § 1446(a).  Defendants paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

31.    No Waiver.  By seeking removal, Defendants do not waive, and expressly reserve all rights, defenses, or objections of any nature they may have to Plaintiff's claims.  Specifically, Defendants do not waive any of their affirmative defenses as to sufficiency of process, sufficiency of service and/or of process, jurisdiction, venue, right to arbitration, failure to state a claim, failure to join a party, or any other affirmative defense in this matter.

NOTICE OF REMOVAL - 7
CASE NO. 2:25-cv-02676

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

32.    <u>Notice</u>.  Defendants will promptly serve Plaintiff and file with this Court the Notice of Removal to All Adverse Parties, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Defendants will also promptly file with the Clerk of the Superior Court of Washington, County of King, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court pursuant to 28 U.S.C. § 1446(d).

33.    <u>Documents to Be Filed with Notice of Removal</u>.  Pursuant to Local Civil Rule 101(b), the following documents are filed contemporaneously with this Notice of Removal: (1) a copy of the operative complaint; (2) a certificate of service listing all counsel and pro se parties who have appeared in the action, including contact information; and (3) a completed civil cover sheet (AO44).  Plaintiff has not made a jury demand.

WHEREFORE, this action should proceed in the United States District Court for the Western District of Washington, as an action properly removed thereto.

DATED:  December 23, 2025

BALLARD SPAHR LLP


By  */s/ Erin M. Wilson*
    Erin M. Wilson, WSBA No. 42454


By  */s/ Priya B. Vivian*
    Priya B. Vivian, WSBA No. 51802


By  */s/ Joseph Q. Ridgeway*
    Joseph Q. Ridgeway, WSBA No. 53438

1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email:    wilsonem@ballardspahr.com
          vivianp@ballardspahr.com
          ridgewayj@ballardspahr.com
*Attorneys for Defendants Swissport USA, Inc., Swissport Fueling, Inc., and Swissport Cargo Services, L.P.*

NOTICE OF REMOVAL - 8
CASE NO. 2:25-cv-02676

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that the following document was sent to the following CM/ECF participant:

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
EMERY REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
***Attorneys for Plaintiff***

☒  ECF Notice
☐  by U.S. Mail
☐  by Electronic Mail
☐  by Electronic Mail pursuant to e-service agreement
☐  by Overnight Delivery
☐  by Hand Delivery

Erin M. Wilson, WSBA No. 42454
Priya B. Vivian, WSBA No. 51802
Joseph Q. Ridgeway, WSBA No. 53438
BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email: wilsonem@ballardspahr.com
Email: vivianp@ballardspahr.com
Email: ridgewayj@ballardspahr.com
***Attorneys for Defendants***

DATED this 23rd day of December 2025.

*s/ Shanynn Foster*
Shanynn Foster, Legal Assistant

NOTICE OF REMOVAL - 9
CASE NO. 2:25-cv-02676

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107